UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SANDRA KAY FARROW

    Plaintiff,

    v.

CAIRNCROSS & HEMPELMANN, PS, *et al.*,

    Defendants.

Case No. CV05-0111L

ORDER GRANTING IN PART FEES AND EXPENSES PURSUANT TO FED. R. CIV. P. 30(g)

## I. INTRODUCTION

This matter comes before the Court on defendants' motion for an award of fees and expenses incurred in attending a deposition in Boston Massachusetts. (Dkt. #25-1). In response, plaintiff requests the Court to deny defendants' motion.

## II. FACTS

A deposition was scheduled for 5:00 p.m. on Friday, July 15, 2005 in Boston Massachusetts. The deponent, plaintiff's witness Reese Farrow, was willing to attend and was served by mail. Defense counsel suggested the possibility of holding the deposition earlier in the day and ultimately the deposition was rescheduled for 11:00 a.m. on Friday, July 15, 2005. Plaintiff notified the witness of the new time by telephone. Plaintiff concedes that the witness did not appear at the

ORDER GRANTING IN PART
FEES AND EXPENSES
PURSUANT TO FED. R. CIV. P. 30(g) - 1

scheduled deposition. Plaintiff contends that this failure to appear was due to a misunderstanding resulting from a "good-willed attempt to accommodate Defendants' counsel's scheduling preference" rather than a failure to personally serve the deponent. (Dkt. #27). Defendants argue that they should not bear the costs of a failed deposition when that failure was due to a mistake, miscommunication or inadvertence by plaintiff's counsel.

## III. DISCUSSION

**1. Rule 30(g)**

Fed. R. Civ. P. 30(g) provides:

> If the party giving the notice of the taking of a deposition of a witness fails to serve the subpoena upon the witness and the witness because of such failure does not attend, and if another party attends in person or by an attorney because that party expects the deposition of that witness to be taken, the court may order the party giving the notice to pay to such other party the reasonable expenses incurred by the party and that party's attorney in attending, including reasonable attorney's fees.

The rule provides relief when the witness fails to attend because the party fails to serve the subpoena upon the witness. Here, the witness was served with a subpoena by mail and had every intention of attending the deposition. The only reason that he did not attend the deposition was because of a miscommunication as to whether there would be a follow-up call to confirm the new time.

It is generally preferable for opposing counsel to work together informally to accommodate one another and serve their clients' needs rather than expend judicial resources at every step of the litigation process. However, as plaintiff's counsel acknowledges, "misunderstandings are a natural and obvious risk of an informal and last-minute scheduling change". (Dkt. #27). Procedural rules exist in part to minimize misunderstandings and facilitate the inherently adversarial litigation process. If plaintiff's counsel had served the witness with a new subpoena highlighting the time of the rescheduled deposition, this matter would likely not be before this Court. On the other hand, the plaintiff was attempting to accommodate counsel's request for a scheduling change.

ORDER GRANTING IN PART
FEES AND EXPENSES
PURSUANT TO FED. R. CIV. P. 30(g) - 2

Considering the likelihood of a misunderstanding in this situation, it was reasonably foreseeable that the deponent might fail to attend. Additionally, once it became clear that the deponent was not going to attend, defense counsel could have stayed in town in order to be available for the originally scheduled 5:00 p.m. deposition.

**2.    Rule 45**

Defendant is correct that pursuant to Rule 45, a party must serve a subpoena for deposition by personal service when the deponent is a non-party. However, this rule provides that a non-party witness can only be compelled to attend a deposition by subpoena. Fed. R. Civ. P. 45. Here, the deponent was willing to attend and in fact attended at the time of the deposition according to the subpoena. Defendant has cited no authority for the contention that a new subpoena was required for a simple time change.

**3.    Local Rule CR 7(d)(3)**

Defendant is correct that plaintiff's response was untimely under Local Rule CR 7(d)(3). This does not change the fact that it is within this Court's discretion to decide whether to award expenses in this case. The fact that plaintiff's response was untimely is however relevant in that it is an indication of plaintiff's counsel's organization and efficiency.

## IV.  CONCLUSION

This is a case of a miscommunication. This Court is not convinced that the failure of the deposition was caused solely through the actions of any one party. While plaintiff's counsel could have taken extra precautions to ensure the attendance of the witness, defendants' counsel could have waited until the originally scheduled time of 5:00 p.m. rather than leaving town to visit friends once it became clear that the witness was not going to show for the rescheduled deposition.

For the foregoing reasons, the Court GRANTS defendants' motion for fees and expenses in part and DENIES defendants' motion in part. Plaintiff shall, within 10 days of the date of this order, pay all out-of-pocket expenses arising out of defendants' trip to Boston as listed in the spreadsheet attached to Mr. Gregory Hollon's July 20, 2005 letter to Mr. Lance Losey in the amount

ORDER GRANTING IN PART
FEES AND EXPENSES
PURSUANT TO FED. R. CIV. P. 30(g) - 3

of $968.10.  (Dkt. #26).  No award for attorney's fees shall be awarded at this time.

DATED this 21st day of October, 2005.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART
FEES AND EXPENSES
PURSUANT TO FED. R. CIV. P. 30(g) - 4