UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA KAY FARROW, in her individual capacity and as Personal Representative of the Estate of Michael Farrow,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CAIRNCROSS & HEMPELMANN, PS, a Washington public service corporation; and DAWSON TAYLOR and JANE DOE TAYLOR, and their marital community,<br><br>　　　　　Defendants.<br><br>CAIRNCROSS & HEMPELMANN, PS, a Washington public service corporation; and DAWSON TAYLOR and JANE DOE TAYLOR, and their marital community,<br><br>　　　　Defendants and<br>　　　　　Third-Party Plaintiffs,<br><br>　　vs.<br><br>MARK DUMAIS and REESE PATRICK FARROW,<br><br>　　　　　Third-Party Defendants. | Case No. CV05-0111L<br><br>ORDER ON THIRD-PARTY DEFENDANTS' MOTION TO STRIKE THIRD-PARTY PLAINTIFFS' JURY DEMAND |

ORDER ON THIRD-PARTY DEFENDANTS'
MOTION TO STRIKE JURY DEMAND

## I. Introduction

This matter comes before the Court on third-party defendants' "Motion to Strike Third-Party Plaintiffs' Jury Demand" (Dkt. # 39).  For the reasons set forth herein, defendants and third party plaintiffs Cairncross & Hempelmann, Dawson Taylor, and Jane Doe Taylor (hereinafter "Cairncross & Hempelmann") have no right to have a jury decide their third-party complaint for the imposition of a constructive trust.

## II. Background

Plaintiff alleges that Cairncross & Hempelmann committed legal malpractice and breached its fiduciary duty through the negligent drafting of the wills of herself and her late husband.  On January 20, 2005, she filed her "Complaint for Professional Negligence" (Dkt. # 1).  After initially answering on March 25, 2005, Cairncross & Hempelmann filed an amended answer on March 28, 2005 and a timely "Jury Demand" (Dkt. #9) on March 30, 2005.

Cairncross & Hempelmann then filed a motion to join the three children of plaintiff and her late husband as third-party defendants.  Dkt. # 16.  Cairncross & Hempelmann argued for the imposition of a constructive trust upon the money distributed to third-party defendants from the will of plaintiff's late husband.  After consideration of the matter, the Court issued an "Order Granting Defendants' Motion To Join Third-Party Defendants" (Dkt. # 31).  Third-party defendants now ask the Court to strike Cairncross & Hempelmann's jury demand as it relates to the third-party claims.  Dkt. #39.

## III. Discussion

Federal law controls the right to a jury trial in a diversity action.  <u>Granite State Insurance Company v. Smart Modular Technology</u>, 76 F.3d 1023, 1026-1027 (9th Cir. 1996).  The right rises or falls on whether the claim is legal or equitable.  <u>Simler v. Conner</u>, 372 U.S. 221, 222 (1963).

ORDER ON THIRD-PARTY DEFENDANTS'
MOTION TO STRIKE JURY DEMAND

1    The Seventh Amendment to the United States Constitution and the statutes of the United
2 States of America preserve the right to a jury trial.  Fed. R. Civ. P. 38(a).  The Court must grant
3 a Fed. R. Civ. P. 38 jury demand unless the right to a jury trial does not exist under the United
4 States Constitution or the statutes of the United States of America.  Fed. R. Civ. P. 39(a).
5 Pursuant to the Seventh Amendment, actions at law incorporate the right to be heard by a jury
6 while suits in equity do not.  <u>Dollar Systems v. Avcar Leasing Systems</u>, 890 F.2d 165, 170 (9th
7 Cir. 1989).

8    Cairncross & Hempelmann seeks the imposition of a constructive trust upon the money
9 distributed to third-party defendants from the estate of plaintiff's late husband.  The creation of a
10 constructive trust is an equitable matter.  <u>Moore v. Crawford</u>, 130 U.S. 122, 128 (1889).
11 Therefore, the Court can decide Cairncross & Hempelmann's complaint without a jury.

12    The Court may choose to establish an advisory jury to decide issues where neither the
13 Seventh Amendment nor the statutes of the United States of America preserve the right to a jury
14 trial.  Fed. R. Civ. R. 39(a).  However, after reviewing the complaint and the corresponding
15 record, the Court finds no reason to utilize an advisory jury at this point.

16    Cairncross & Hempelmann and third-party defendants agree that plaintiff's negligence
17 claim is an action at law.  Dkt. # 40 at 2; Dkt. # 41 at 3.  When an action contains both legal and
18 equitable issues, parties retain the right to have a jury decide their legal claims.  <u>Beacon Theatres</u>
19 <u>v. Westover</u>, 359 U.S. 500, 510-511 (1959); <u>Granite State Insurance Company</u>, 76 F.3d at 1027.
20 A jury decides the legal disputes while the court rules on the equitable claims.

21    Courts should use their discretion to avoid damaging the right to a jury trial when
22 determining the order in which the equitable and legal claims will be decided.  <u>Beacon Theatres</u>,
23 359 U.S. at 510; <u>Dollar Systems</u>, 890 F.2d at 170.  Cairncross & Hempelmann's claim is
24 contingent on plaintiff's success: its demand for a constructive trust comes into play only "[t]o
25 the extent that plaintiff proves her claims against defendants..."  Dkt. 32 at 6.  Therefore, the
26 Court will rule on Cairncross & Hempelmann's request for the imposition of a constructive trust

27
28 ORDER ON THIRD-PARTY DEFENDANTS'
MOTION TO STRIKE JURY DEMAND

if a jury finds that Cairncross & Hempelmann was negligent.

## VI. Conclusion

For all of the foregoing reasons, Cairncross & Hempelmann has no right to have a jury decide its third-party complaint for a constructive trust. The Court may re-visit the issue of using the jury in an advisory capacity at the time of trial.

DATED this 23rd day of January, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER ON THIRD-PARTY DEFENDANTS'
MOTION TO STRIKE JURY DEMAND